# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| CAROL WILKERSON, | ) | |
| Plaintiff, | ) | |
| v. | ) | CV699-133 |
| GRINELL CORPORATION, | ) | |
| Defendant. | ) | |

## ORDER

This sex discrimination and sexual harassment case, long dormant, has been suddenly revived by plaintiff's flurry of nonsensical motions. *See* doc. 44 (judgment for defendant docketed April 2002); doc. 69 (order of the Eleventh Circuit dismissing plaintiff's appeal as frivolous in in April 2005). Plaintiff seeks to "lift the protective order" due to "newly discovered evidence and fraud," and seeks that counsel be appointed to help her pursue sanctions against defendant. Docs. 71, 76 & 77. She spends a great deal of time quoting from legal sources about summary judgment and the definition of "fraud," and copies and pastes the Advisory Committee Notes to Rule 11 in lieu of anything approaching an argument in her motion for sanctions. *See* docs. 71 & 77. She does not, however, allege any particular action that might be

construed as fraudulent or warranting the imposition of sanctions.[1]  *Id.* Moreover, plaintiff has no right to appointment of counsel in a civil case, much less a case closed more than a decade ago.  *E.g., Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014).  Defendant, obviously, opposes.  Docs. 78, 80 & 81.[2]  Because plaintiff's motions are utterly frivolous, they are **DENIED**.  Docs. 71, 76 & 77.

Defendant also asks that plaintiff be sanctioned, pursuant to the Court's order cautioning her that frivolous motions will not be tolerated.  Doc. 64 at 1-2 (imposing a $500 bond requirement before filing any further motions, to be paid to the Court's registry by cashier's check or money order payable to the Clerk of Court, to cover any Rule 11 sanctions this Court may impose for further frivolous filings).  The Court will enforce that Order.

The Clerk is **DIRECTED** to refuse to docket any further filings in

---

[1]   The Court will not speculate about what may have resurrected plaintiff's dissatisfaction with the outcome of this case.  She quotes the District Judge's Order explaining that newly discovered evidence or fraud might comprise grounds for a post-judgment motion, *see* doc. 50 (citing Fed. R. Civ. P. 60(b)(2)-(3)), but does not hint at what evidence she believes warrants such relief fifteen years later.  The Court, of course, is not in the business of engaging in snipe hunts.  Without even a *hint* as to some illicit action, the Court absolutely declines to investigate further.

[2]   Counsel's motion to withdraw, which complies with S.D. Ga. L.R. 83.7, is further **GRANTED**.  Doc. 79.

this case unless and until plaintiff complies with the Court's $500 filing bond. Doc. 64. Any pleadings or other filings plaintiff attempts to lodge with the Court will be returned, unread, until her $500 bond is first paid to the Court's registry.[3] Moreover, if plaintiff fails to comply with this Order and files *any paper* without first posting that bond, the Court *will assess monetary sanctions against her*. Plaintiff has had two decades of warnings about the frivolity of her motions. No further warning is needed.

    **SO ORDERED,** this __1st__ day of July, 2019.

                                      _____
                                      CHRISTOPHER L. RAY
                                      UNITED STATES MAGISTRATE JUDGE
                                      SOUTHERN DISTRICT OF GEORGIA

---

[3] The Clerk is **DIRECTED** to make a notation on the docket that a filing has been refused.