## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

| | | |
|---|---|---|
| CAROL WILKERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV699-133 |
| | ) | |
| GRINNELL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

After denying her utterly frivolous motions in this decades-old employment discrimination case, the Court imposed a $500 filing bond on Plaintiff Carol Wilkerson, a "*determined* repeat filer in this Court," *Wilkerson v. Statesboro Police Dep't*, CV609-075, doc. 3 at 1-2, 1 n.1 (S.D. Ga. Nov. 13, 2009) (discussing Plaintiff's litigation history) (emphasis in original), *adopted* doc. 5 (S.D. Ga. Dec. 2, 2009), in an attempt to curb her vexatious conduct. Doc. 64 at 1-2; *see also* doc. 82 at 2-3 (enforcing the bond requirement). Plaintiff paid the required bond and filed another flurry of motions. *See* docs. 87, 89, 91, 93, 97 & 99. As discussed below, those motions should be **DENIED** because they are no more meritorious

1

than her previous motions.  Further, her continued abuse of the judicial system and opposing parties warrants more severe sanctions.

I.    *Plaintiff's frivolous motions (docs. 87, 89, 93, 97 & 99) should be denied.*

Plaintiff filed this case against Defendant Grinnell Corporation alleging sex discrimination and sexual harassment, doc. 1, and judgment was entered for Defendant over twenty years ago.  Doc. 44 (Judgment). In 2004, after rejecting her third meritless attempt for "Post-judgment Relief and Judgment for Fraud," the Court "enjoined [her] from litigating this case further unless she first [paid] $500 into the Court's Registry . . . to cover any [Fed. R. Civ. P. 11] sanctions this Court may impose for any future filings it deems frivolous."  Doc. 64 at 1-2.

In 2019, she attempted to resurrect the case by filing a series of meritless motions, which the Court denied as "utterly frivolous."  Doc. 82 at 2.   The Court explained that it would enforce its prior bond requirement, doc. 64, and directed the Clerk to "refuse to docket any further filings in this case unless and until [she] complie[d] . . . ."  Doc. 82 at 2-3.   She paid the bond, doc. 86 (Clerk's Certificate/Order), and proceeded to file *six* motions.  *See* docs. 87, 89, 91, 93, 97 & 99.  Defendant opposes several of the motions, docs. 88 (opposing doc. 87), 90 (opposing

2

doc. 89), 94 (opposing doc. 93) & 98 (opposing doc. 97), and seeks sanctions against Plaintiff. Doc. 95 at 6 (explaining that Plaintiff is "forcing Defendant to incur thousands of dollars in attorneys' fees in responding to her frivolous filings."). For the following reasons, five of her motions should be **DENIED**. Docs. 87, 89, 93, 97 & 99.

First, Plaintiff's "Motion for a Demand for a Jury Trial" under Fed. R. Civ. P. 38 raises grievances against Defendant's former counsel and the EEOC. *See generally* doc. 89. After a full page of copied-and-pasted Advisory Committee Notes to Rule 38,[1] she justifies her request by explaining that "this court had already issue an Order granting [Plaintiff] relief due to two [reasons:] (1) Newly-discovered evidence and, (2) Fraud. [sic]" *Id.* at 2. Although she does not cite authority for this contention, the Court charitably construes her reference to newly-discovered evidence and fraud as invoking Fed. R. Civ. P. 60(b)(2)-(3), which allows a court, "[o]n motion and just terms," to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . newly discovered evidence . . . [or] fraud . . . ." Fed. R. Civ. P. 60(b)(2)-(3);

---

[1] The Court has previously explained to Plaintiff that copying and pasting Advisory Committee Notes does not constitute an argument. *See* doc. 82 at 1.

*see Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotations omitted)). A motion for post-judgment relief under Fed. R. Civ. P. 60(b)(2)-(3), however, must be made "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1); *see also* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rule[ ] . . . 60(b)."); *Gubarev v. Buzzfeed, Inc.*, 2020 WL 8254486, at *3 (S.D. Fla. Dec. 17, 2020) ("[D]istrict courts are expressly barred from extending this one-year limitation.").² Accordingly, Plaintiff is not entitled to relief under Rule 60(b)(2)-(3), since she filed the motion in 2019, and the case was dismissed in 2002. *Compare* doc. 44, *with* doc. 89. Further, Rule 38 does

---

² Even if Rule 60(c)(1) did not expressly bar her from raising an argument under Rule 60(b)(2)-(3) over one year after judgment, the purported newly-discovered evidence and fraud discussed in the motion highlights its frivolity. First, she cites the Eleventh Circuit's determination that this Court erred in holding that her EEOC charge was untimely, under 42 U.S.C. § 2000e-5(b). Doc. 89 at 2-3; *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317-18 (11th Cir. 2001); *see also* doc. 32 at 7-8. She then argues that "[the EEOC] decided to try to confuse the Plaintiff by saying she didn't file a timely-charge with the agency. When in fact the Plaintiff did and won her appeal on this fact which as a result her case being remanded back to this court for further proceedings. [sic]" Doc. 89 at 4. Plaintiff's argument that she is entitled to relief due to the dispute is frivolous because, as she acknowledges, the Eleventh Circuit has already addressed this issue and remanded the case. *Id.* Second, she alleges that Defendant's former counsel refused to provide her with documents "during the discovery phase." *Id.* at 3. She does not explain why the Court should consider a purported discovery dispute two decades after judgment. *See generally id.*

not afford Plaintiff relief because she already demanded a jury trial in the Complaint, *see* doc. 1 at 1, and the case was subsequently dismissed. Doc. 44; *see also* Fed. R. Civ. P. 38(b) ("[o]n any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d)."). Accordingly, the motion should be **DENIED**.[3]   Doc. 89.

Plaintiff also filed a motion seeking "activat[ion]" of her "filed motions", and an evidentiary hearing. *See* doc. 87 at 1. She justifies these requests by referencing newly-discovered evidence and fraud. *Id.* As discussed above, although this reference could be charitably construed as invoking Fed. R. Civ. P. 60(b)(2)-(3), she is time-barred from relief under those subsections because more than one year has passed since judgment. *Compare* doc. 87 at 2 (motion signed in 2019); *with* doc. 44

---

[3]  The only other authority Plaintiff cites in the motion is 5 U.S.C. § 552(a), which governs administrative agencies' release of public information.  She appears to argue that the statute entitles her to relief because the EEOC employees who "handled her charge" erred in "saying she didn't file a timely[ ]charge with the agency."  Doc. 89 at 4.  None of the provisions of § 552(a) permit her to resurrect this long-dormant case. *See* 5 U.S.C. § 552(a).

(judgment entered in 2002).[4]  The only authority she explicitly cites in this motion is 5 U.S.C. § 552(a); however, she does not explain how the statute entitles her to revive her dismissed motions, or to an evidentiary hearing.  *See* doc. 87 at 1 (merely stating that "[5 U.S.C. § 552(a)] applies to this case which is a federal statute that Plaintiff is protected under. [sic]").  Accordingly, the motion should be **DENIED**.  Doc. 87.

Next, Plaintiff filed a motion seeking "post-[j]udgment relief on the grounds of [n]ewly-discovered evidence and fraud under [Fed. R. Civ. P. 60(b)(2)-(3)]."  Doc. 93 at 1.  She attempts to justify this time-barred request by summarizing the previously-discussed Eleventh Circuit judgment regarding her EEOC charge.  Doc. 32; *compare* Fed. R. Civ. P. 60 (c)(1) (parties may not move under Rule 60(b)(2)-(3) "more than a year after the entry of the judgment"), *with* doc. 93 at 1 (Plaintiff asserts, without explanation, "Eventhough it's been 17 years since Wilkerson's

---

[4]  The Court has previously explained to Plaintiff that claims of fraud and newly-discovered evidence which fail to allege "any particular action that might be construed as fraudulent," or "does not hint" at specific new evidence, are frivolous. Doc. 82 at 1-2.  This renewed motion does not substantiate her claims of fraud or newly-discovered evidence, and they are similarly frivolous.  *See generally* doc. 87; *see also* doc. 82 at 2 n.1 ("The Court, of course, is not in the business of engaging in snipe hunts.").

has filed a Motion for relief under Rule 69 (b) (2), (3) Fed. R. Civ. P.[5] she is still entitled to relief. [sic]"); *see also* doc. 93 at 2-4 (the motion includes three full pages of copied-and-pasted Advisory Committee Notes in lieu of anything approaching an argument).   Accordingly, the motion should be **DENIED**.   Doc. 93.

Next, Plaintiff moved under "Rule 60 (b) (d) (1)" for the Court to "use its powers to entertain Plaintiff's motion for an independent action on the grounds of newly-discovered evidence and fraud from a final judgment order."   Doc. 97 at 1.   The Court charitably construes the motion as referencing Fed. R. Civ. P. 60(b)(2)-(3) & (d)(1), none of which afford her relief.   First, as discussed, the text of Rule 60 explicitly bars the Court from considering her motion under Rule 60(b)(2)-(3) over one year after judgment.   *See Gubarev*, 2020 WL 8254486, at *3.   Second, Rule 60(d)(1) provides that:

> [Rule 60] does not limit a court's power to . . . (1) entertain an independent action to relieve a party from a judgment, order, or proceeding . . . .

Fed. R. Civ. P. 60(d)(1).   Although "[t]here is no time limit on when an

---

[5]  The Court presumes that Plaintiff intended to cite Rule 60(b)(2)-(3), since Rule 69(b) governs judgment execution against "certain public officers," and does not include any subsections.   *See* Fed. R. Civ. P. 69(b).

independent action may be brought, . . . the doctrine of laches is applicable and undue delay may bar relief."  Mary Kay Kane, 11 Fed. Prac. & Proc. Civ. § 2868 (3d ed. 2022).  Plaintiff's terse motion does not explain why the Court should consider her request for an independent action two decades after judgment.  *See generally* doc. 97.  Even if this request was not wildly delayed, "[r]esort to an independent action may be had only rarely, and then only under unusual and exceptional circumstances."  Mary Kay Kane, 11 Fed. Prac. & Proc. Civ. § 2868 (3d ed. 2022) (citing, *e.g.*, *United States v. Beggerly*, 524 U.S. 38, 46 (1998) ("Independent actions must . . . be reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." (quotations and citations omitted)).  The motion is silent as to why an independent action is justified, and the Court is unconvinced by the three pages of copied-and-pasted Advisory Committee Notes.  *See generally* doc. 97.

The motion also asserts, without explanation, that "the use of [b]ill of review to relieve Wilkerson is still proper."  Doc. 97 at 1.  Under Fed. R. Civ. P. 60(e), however, "bills of review" are expressly "abolished."  Fed.

R. Civ. P. 60(e); *see also* Mary Kay Kane, 11 Fed. Prac. & Proc. Civ. § 2867 (3d ed. 2022) ("[I]n civil cases, the five ancient devices listed in Rule 60(e) no longer are available and relief from a judgment only can be obtained by motion under [Rule 60] or by an independent action."). Finally, the motion includes copied-and-pasted language from 28 U.S.C. § 1961, which governs interest on money judgments in civil cases. Doc. 97 at 5-6 (quoting the entirety of 28 U.S.C. § 1961). Plaintiff's reference to money judgment interest is irrelevant, since judgment was entered against her in 2002. *See* doc. 44. Accordingly, the motion should be **DENIED**. Doc. 97.

Finally, Plaintiff submitted a single-sentence motion seeking "to have her case returned to this court from the Federal Archive Center for further proceedings." Doc. 99 at 1. To the extent this constitutes a request for some form of relief in this long-dormant closed case, that request should be **DENIED**, since, as discussed, she is not entitled to post-judgment relief under Fed. R. Civ. P. 60. Doc. 99.

II. *The Court should impose monetary and filing sanctions on Plaintiff, and her motion for the return of her bond should therefore be denied, doc. 91.*

Plaintiff has not relented in filing meritless motions despite the Court's multiple warnings. *See, e.g.*, doc. 64 at 2 (imposing the $500 filing bond "to cover any [Fed. R. Civ. P. 11] sanctions this Court may impose for any future filings it deems frivolous"); doc. 82 at 3 ("Plaintiff has had two decades of warnings about the frivolity of her motions. No further warning is needed."). When faced with a "failure to obey Court Orders and the wasteful misuse of the Court's scarce resources," the Court may consider sanctions under Fed. R. Civ. P. 11. *Thompson v. C.R. Bard, Inc.*, 2020 WL 3052227, at *4 (S.D. Ga. June 8, 2020) (internal quotations omitted). Rule 11(c)(2) governs a party's motion for sanctions, and Rule 11(c)(3) authorizes a Court to sanction litigants on its own initiative. *See* Fed. R. Civ. P. 11(c)(2)-(3).

First, Rule 11(c)(2) requires that a motion for sanctions:

be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . .

Fed. R. Civ. P. 11(c)(2). Defendant moved for sanctions against Plaintiff; however, the motion does not indicate whether it was served on Plaintiff

at least 21 days before filing.  *See generally* doc. 95.  Accordingly, the

motion should be **DENIED**.  Doc. 95; *see Crete Carrier Corp. v. Sullivan*

*& Sons, Inc.*, 2022 WL 657565, at *4 (D. Md. Mar. 4, 2022) (citing

*Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 388-89

(4th Cir. 2004) ("Rule 11 . . . requires the party seeking sanctions to

provide his adversary with notice and an opportunity to withdraw the

offensive pleading prior to filing a motion for sanctions with the court. . .

. If this requirement is not satisfied, the district court lacks authority to

impose the requested sanctions." (internal quotations omitted)).

> Under Fed. R. Civ. P. 11(c)(3), however:
>
> On its own, the court may order an attorney, law firm, or party
> to show cause why conduct specifically described in the order
> has not violated Rule 11(b).

Fed. R. Civ. P. 11(c)(3).  Accordingly, the Court will address whether it

will sanction Plaintiff "[o]n its own."  *Id.*

A Court may impose Rule 11 sanctions "when [a] party files a

pleading that is based on a legal theory that has no reasonable chance of

success and that cannot be advanced as a reasonable argument to change

existing law."  *Bradley v. Tucker*, 2015 WL 4075088, at *1 (S.D. Ga. July

1, 2015) (quoting *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir.

2001)).  "In determining whether Rule 11 sanctions are appropriate, the Eleventh Circuit directs that courts employ a two-step test.  First, the Court must 'determine[ ] whether the party's claims are objectively frivolous—in view of the facts or law['] . . . Second, if the Court finds that the claims are objectively frivolous, it must ask 'whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether [she] would have been aware had [she] made a reasonable inquiry.' "  *Bradley*, 2015 WL 4075088, at *1 (quoting *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) (internal citations omitted)).  Although a *pro se* party "should not be held to the same standard as a licensed attorney . . . *pro se* status does not immunize [a *pro se* party] from sanctions[.]"  *Tipp v. JPMC Specialty Mortg., LLC*, 2022 WL 423401, at *9 (S.D. Ala. Jan. 3, 2022) (citing *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988)).

Under the first step, Plaintiff's most-recently-filed motions are objectively frivolous because, as discussed above, they do not come close to articulating a plausible legal theory under which she is entitled to relief.  *See Bradley*, 2015 WL 4075088, at *1.  Under the second step, although the Court must "take into account the plaintiff's *pro se* status",

*Thomas v. Evans*, 880 F.2d 1235, 1240 (11th Cir. 1989), *quoted in Hunter v. Corr. Corp. of Am.*, 2017 WL 1536444, at *2 (S.D. Ga. Apr. 27, 2017), she "should have been aware" that her renewed motions are frivolous based on the plain language of the authority she cites and decades of warnings from the Court. *Peer v. Lewis*, 606 F.3d 1306, 1312 (11th Cir. 2010). As discussed above, her motions seek relief expressly barred by the authority she references. *Compare, e.g.*, docs. 87 at 1, 89 at 2, 93 at 1 & 97 at 1 (invoking Fed. R. Civ. P. 60(b)(2)-(3) many years after judgment), *with* Fed. R. Civ. P. 60(c)(1) (barring relief under Rule 60(b)(2)-(3) sought over one year after judgment); *compare* doc. 97 at 1 (after citing Rule 60, asserting without explanation that "the use of Bill of review to relieve Wilkerson is still proper"), *with* Fed. R. Civ. P. 60(e) ("The following are abolished: bills of review . . ."). Further, despite the Court's warning that it "absolutely declines to investigate" unsubstantiated claims of newly-discovered evidence or fraud, doc. 82 at 2 n.1, several of her motions regurgitate similar conclusory assertions. *See, e.g.*, docs. 87 at 1, 93 at 1, 97 at 1; *see also* doc. 64 at 1 ("[Plaintiff] thus once again fails to make any competent showing that will in any way alter that outcome of her case, or even colorably fit within the criteria

for fraud or newly discovered evidence."). Sanctions are appropriate because Plaintiff's recent motions are frivolous, and she should have known they were frivolous.  Accordingly, the Court turns to the nature of the sanctions.

Sanctions under Fed. R. Civ. P. 11(c)(3) "must be limited to what suffices to deter repetition of the conduct."  Fed. R. Civ. P. 11(c)(4). Further, "[t]he sanction may include nonmonetary directives[, or] an order to pay a penalty into court[.]"  Fed. R. Civ. P. 11(c)(4).  Finally, if the Court imposes a monetary sanction on its own initiative, it must "issue[ a] show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned."  Fed. R. Civ. P. 11(c)(5).

First, the Court finds that monetary sanctions are appropriate, though not sufficient on their own, to deter Plaintiff from harassing the Court and Defendant with future frivolous filings.  Accordingly, the Court **RECOMMENDS** that the Clerk be **DIRECTED** to revoke Plaintiff's $500 filing bond, and to pay the $500 into the Court's registry.  *See* doc. 64 at 2 (imposing the $500 filing bond "to cover any [Fed. R. Civ. P. 11] sanctions this Court may impose for any future filings it deems

14

frivolous"); *Stone v. Fisher*, 2020 WL 901435, at *2 (N.D. Ga. Feb. 24, 2020) (imposing a filing bond on a *pro se* litigant, and explaining that "[t]he public should not be forced to absorb the cost of an individual's unchecked clogging of the judicial system with vexatious and frivolous pleadings."). Plaintiff's motion seeking the return of her bond should therefore be **DENIED**.[6] Doc. 91.

Before imposing monetary sanctions under Fed. R. Civ. P. 11(c)(3), however, the Court must afford Plaintiff an opportunity to "show cause why conduct specifically described in [this] order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3); *see also* Fed. R. Civ. P. 11(c)(5)(B) ("The court must not impose a monetary sanction . . . on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned."). As discussed below, Plaintiff has 14 days to object to this Report and Recommendation ("R&R"). Accordingly, she is **DIRECTED** to show cause within the 14-day objections period why her conduct described in this Order does not

---

[6] Plaintiff's three-sentence motion cites Fed. R. Civ. P. 67(a) and 28 U.S.C. § 2041 without any meaningful argument. Doc. 91 at 1. Neither of these statutes include a provision which entitle Plaintiff to the return of her bond.

violate Rule 11(b).  *See* Fed. R. Civ. P. 11(c)(3); *see also Daker v. Owens*, 2021 WL 1321335, at *6 (M.D. Ga. Jan. 5, 2021) (recommending sanctions under Rule 11(c)(3), and directing plaintiff to show cause why his conduct did not violate Rule 11(b) during the R&R objections period) (citing *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014)).

The Court imposed the $500 filing bond against Plaintiff in the hope that it would deter her from harassing the Court and Defendant.  *See generally* doc. 82.  Her latest barrage of motions and long history of litigation in this Court,[7] however, evidence the need for a more severe

---

[7] *Wilkerson v. Langston Chapel Middle Sch.*, CV616-055, doc. 12 at 2 (S.D. Ga. Aug. 17, 2016) (dismissing for failure to state a plausible basis for the Court to exercise jurisdiction over Plaintiff's claims); *Wilkerson v. State of Georgia*, CV614-041, doc. 45 at 1 (S.D. Ga. Apr. 29, 2016) (adopting recommendation of dismissal for failure to comply with Fed. R. Civ. P. 4(m), doc. 37 at 1); *Wilkerson v. Smith*, CV415-216, doc. 5 at 2 (S.D. Ga. Nov. 15, 2015), *adopted* doc. 8 (S.D. Ga. Dec. 15, 2015) (recommending dismissal of Plaintiff's claim against a federal judge who referred to her as "mentally unbalanced" in a Report and Recommendation); *Wilkerson v. Smith*, CV610-034, doc. 13 at 1 (S.D. Ga. Nov. 4, 2010) (dismissing for failure to state a claim); *Wilkerson v. H & S Lee, Inc.*, CV609-033, doc. 35 at 1 (S.D. Ga. July 29, 2010) (dismissing employment discrimination case for failure to state a claim); *Wilkerson v.Statesboro Police Department*, CV609-075, doc. 3 at 3-4, *adopted* doc. 5 (S.D. Ga. Dec. 2, 2009) (recommending dismissal, noting that Plaintiff is "adamant about . . . harass[ing] others with facially frivolous lawsuits", and requiring her to post a $100 bond before filing another lawsuit for six months); *Wilkerson v. Statesboro Fin. Co.*, CV609-069, doc. 5 at 3 (S.D. Ga. Oct. 14, 2009), *adopted* doc. 9 (S.D. Ga. Nov. 16, 2009) (recommending dismissal for "nonsensical" allegations related to a car loan under the Privacy Act of 1974); *Wilkerson v. MaxWay Dep't Store*, CV609-071, doc. 4 at 5 (S.D. Ga. Oct. 7, 2009), *adopted* doc. 7 (S.D. Ga. Oct. 28, 2009) (recommending dismissal of case alleging that retailer violated the Privacy Act of 1974 by accusing her, via local police, of shoplifting, and warning her that "[f]uture frivolous lawsuits will be met with judicial relief aimed at protecting a precious public resource: The federal court

sanction.  *See Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986)

("Federal courts have both the inherent power and the constitutional

obligation to protect their jurisdiction from conduct which impairs their

ability to carry out Article III functions.").   She has received many

warnings that this Court does not tolerate frivolous filings, and her

continued noncompliance warrants the most extreme condemnation and

action.   Therefore, the Court **RECOMMENDS** that the following

sanctions be imposed in all pending and future civil cases filed by

Plaintiff in this district:[8]

1. For any document that Plaintiff submits for filing into this case, the

   Clerk is **DIRECTED** to docket the filing under seal.  The presiding

---

system."); *Wilkerson v. EEOC*, CV609-034, doc. 7 (S.D. Ga. June 16, 2009) (Freedom of Information Act case against EEOC dismissed without prejudice on administrative non-exhaustion grounds); *Wilkerson v. Bulloch Cty. Sheriff's Dep't*, CV605-106, doc. 8 at 2-3 (S.D. Ga. Mar. 17, 2006), *adopted* doc. 11 (S.D. Ga. Apr. 12, 2006) (rejecting under *Heck v. Humphrey*, 512 U.S. 477 (1994), then-inmate Wilkerson's 42 U.S.C. § 1983-based, "false imprisonment" case because she failed to state a claim).  The Court is also aware of at least one other case Plaintiff filed in another district which was dismissed for failure to state a claim.  *See Wilkerson v. State of Georgia Dep't of Driver Servs.*, CV110-2134, doc. 5 (N.D. Ga. Aug. 16, 2010).

[8]  The Court has imposed similar restrictions on vexatious litigants in the past.  *See, e.g.*, *Oliver v. Ameris Bank*, 2021 WL 3024291, at *7 (S.D. Ga. July 16, 2021), *adopted by* 2021 WL 3508680 (S.D. Ga. Aug. 10, 2021); *Drake v. 7-Eleven*, 2020 WL 4196189, at *2 (S.D. Ga. June 26, 2020), *adopted by* 2020 WL 4194007 (S.D. Ga. July 21, 2020); *Drake v. Travelers Commercial Ins. Co.*, 2020 WL 3454585, at *2-3 (S.D. Ga. May 27, 2020), *adopted by* 2020 WL 3453853 (S.D. Ga. June 24, 2020); *Oliver v. Lyft, Inc.*, 2019 WL 5388472, at *2-3 (S.D. Ga. Sept. 13, 2019), *adopted by* 2019 WL 5390012 (S.D. Ga. Oct. 21, 2019); *Williams v. Darden*, 2016 WL 6139926, at *2 (S.D. Ga. Oct.

judge shall review those sealed filings. Only those filings that present a non-frivolous request for relief will be unsealed. All other filings shall be deemed dismissed without any further judicial action after 30 days from the date the filing was received by the Clerk, unless the Court orders otherwise. Defendant shall have fourteen days from the date on which any filing is unsealed to respond in opposition.

2. The Clerk shall open a miscellaneous file into which all of Plaintiff's future filings shall be collected. The presiding judge shall review the filings. Only those complaints that allege a plausible claim for relief will be approved for filing. All other cases will be dismissed without any further judicial action after 30 days from the date the complaint was received by the Clerk, unless the Court orders otherwise.

Thus, although the Court will read and consider any future complaint that she endeavors to file, it will not necessarily enter an

---

21, 2016); *Fields v. Terminal*, 2016 WL 823020, at *3 (S.D. Ga. Feb. 26, 2016), *adopted by* 2016 WL 1301174 (S.D. Ga. Mar. 31, 2016); *Hurt v. Zimmerman*, CV415-260, doc. 3 at 12-14, *adopted by* doc. 5 (S.D. Ga. Oct. 7, 2015); *Robbins v. Universal Music Grp.*, 2015 WL 171443, at *1-2 (S.D. Ga. Jan. 13, 2015); *Finch-Grant v. Lang*, 2014 WL 3888124, at *2-3 (S.D. Ga. Aug. 6, 2014), *adopted by* 2014 WL 4385716 (S.D. Ga. Sept. 4, 2014).

order addressing that complaint.  If no order is forthcoming, then 30 days after the complaint's receipt, the Clerk shall, without awaiting any further direction, notify her that the case has been dismissed without prejudice.  The Clerk shall not docket any further motions or papers in that case except for a notice of appeal. If a notice of appeal is filed, the Clerk shall forward a copy of this Report and Recommendation, the Order adopting, the notice of appeal, and the dismissed Complaint to the Court of Appeals.

3. To ensure that all of Plaintiff's future pleadings are properly consolidated for review, the Clerk shall personally advise each deputy clerk of the Court's ruling in this case and develop a procedure for ensuring that all of her future complaints are immediately assigned and forwarded to the presiding district judge in this case, regardless of which divisional clerk's office received and docketed the papers.

4. In any case approved for filing, Plaintiff must post a $1,000 contempt bond with the Clerk of Court.  The bond will be held by the Clerk of Court and returned to her at the conclusion of the case, if she conducts her affairs appropriately.

5. She may file a motion to modify or rescind the order imposing these restrictions no earlier than two years from the date of its entry.

6. These filing restrictions do not apply to any criminal case in which she is named as a defendant, or to any proper application for a writ of habeas corpus.

A copy of the Order imposing these restrictions shall be forwarded to each judicial officer in this District.

III.   *Conclusion*

For the foregoing reasons, Plaintiff's six latest motions should be **DENIED**, docs. 87, 89, 91, 93, 97 & 99, and Defendant's Motion for Sanctions should be **DENIED**, doc. 95. The Court **RECOMMENDS** that Plaintiff's $500 bond be revoked and paid into the Court's registry. Finally, the Court **RECOMMENDS** that the above-described restrictions be imposed as a sanction for her persistent abusive conduct. This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate

Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 3rd day of May, 2022.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA