IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| CAROL WILKERSON,<br><br>    Plaintiff,<br><br>v.<br><br>GRINNELL CORPORATION,<br><br>    Defendant. | CIVIL ACTION NO.: 6:99-cv-133 |

**ORDER**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's May 3, 2022 Report and Recommendation, (doc. 100), to which no party has filed an objection. The Court **ADOPTS** the Report and Recommendation as its opinion and, for the reasons identified by the Magistrate Judge, **DENIES** all pending motions. (Docs. 87, 89, 91, 93, 95, 97 & 99).

The Magistrate Judge also recommended that Plaintiff's $500 filing bond be revoked as a monetary sanction pursuant to Fed. R. Civ. P. 11(c)(3). She has not objected to that recommendation. (See docket). The Court agrees with the Magistrate Judge's conclusion that monetary sanctions are appropriate to deter future vexatious conduct by Plaintiff. (See doc. 100 at 14-15). The Clerk is therefore **DIRECTED** to revoke Plaintiff's $500 filing bond, and to pay the $500 into the Court's registry. See Fed. R. Civ. P. 11(c).

The Court also agrees that monetary sanctions alone are not sufficient to deter Plaintiff's troubling litigation conduct. As the Magistrate Judge noted, past filing restrictions have not curtailed her harassment of the Court and other parties. (See doc. 100 at 16-18). The Court,

therefore, **IMPOSES** the following sanctions, as recommended by the Magistrate Judge, in all pending and future civil cases filed by Carol Wilkerson in this District:

1. For any document that Plaintiff submits for filing into this case, the Clerk is **DIRECTED** to docket the filing under seal.  The presiding judge shall review those sealed filings.  Only those filings that present a non-frivolous request for relief will be unsealed.   All other filings shall be deemed dismissed without any further judicial action after 30 days from the date the filing was received by the Clerk, unless the Court orders otherwise.  Defendant shall have fourteen days from the date on which any filing is unsealed to respond in opposition.

2. The Clerk shall open a miscellaneous file into which all of Plaintiff's future filings shall be collected.  The presiding judge shall review the filings.  Only those complaints that allege a plausible claim for relief will be approved for filing.  All other cases will be dismissed without any further judicial action after 30 days from the date the complaint was received by the Clerk, unless the Court orders otherwise.

    Thus, although the Court will read and consider any future complaint that she endeavors to file, it will not necessarily enter an order addressing that complaint.  If no order is forthcoming, then 30 days after the complaint's receipt, the Clerk shall, without awaiting any further direction, notify her that the case has been dismissed without prejudice.  The Clerk shall not docket any further motions or papers in that case except for a notice of appeal. If a notice of appeal is filed, the Clerk shall forward a copy of this Report and Recommendation, the Order adopting, the notice of appeal, and the dismissed Complaint to the Court of Appeals.

3. To ensure that all of Plaintiff's future pleadings are properly consolidated for review, the Clerk shall personally advise each deputy clerk of the Court's ruling in this case and develop a procedure for ensuring that all of her future complaints are immediately assigned and forwarded to the presiding district judge in this case, regardless of which divisional clerk's office received and docketed the papers.

4. In any case approved for filing, Plaintiff must post a $1,000 contempt bond with the Clerk of Court. The bond will be held by the Clerk of Court and returned to her at the conclusion of the case, if she conducts her affairs appropriately.

5. She may file a motion to modify or rescind the order imposing these restrictions no earlier than two years from the date of its entry.

6. These filing restrictions do not apply to any criminal case in which she is named as a defendant, or to any proper application for a writ of habeas corpus.

## CONCLUSION

Therefore, the Court **ADOPTS** the Report and Recommendation, (doc. 100), as its opinion. All pending motions in this case are **DENIED**. (Docs. 87, 89, 91, 93, 95, 97 & 99). The above-described filing restrictions are **IMPOSED** on all pending and future cases filed by Plaintiff Carol Wilkerson in this District. A copy of this Order shall be forwarded to each judicial officer in this District.

**SO ORDERED**, this 27th day of May, 2022.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA