IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| CAROL WILKERSON, | |
| Plaintiff, | CIVIL ACTION NO.: 6:99-cv-133 |
| v. | |
| GRINNELL CORPORATION, | |
| Defendant. | |

**O R D E R**

*Pro se* Plaintiff Carol Wilkerson is a notorious frequent filer in this Court. This particular case was dismissed and judgment was entered on April 16, 2002. (Docs. 43, 44.) Over the ensuing years, however, Plaintiff has filed numerous meritless motions in this case (as well as in other civil cases). (See doc. 100 (outlining Plaintiff's vexatious and meritless frequent filings in this case as well as the Court's attempts to curtail them); see also id. at pp. 16–17 n.7 (listing some of the many cases Plaintiff has filed in this district).) In 2004, after rejecting her third meritless attempt for "Post-judgment Relief and Judgment for Fraud" in this case, the Court "enjoined [her] from litigating this case further unless she first [paid] $500 into the Court's Registry . . . to cover any [Fed. R. Civ. P. 11] sanctions this Court may impose for any future filings it deems frivolous." (Doc. 64, pp. 1–2.)

In 2019, she attempted to resurrect this case by filing a series of meritless motions, which the Court denied as "utterly frivolous." (Doc. 82, p. 2.) Enforcing its prior bond requirement, the Court directed the Clerk to "refuse to docket any further filings in this case unless and until

[P]laintiff complie[d] with the Court's $500 filing bond." (Id. at pp. 2–3.) She paid the bond, (doc. 86), and proceeded to file six motions. (See docs. 87, 89, 91, 93, 97 & 99.)

In an Order issued on May 27, 2022, the Court denied Plaintiff's requests for relief in the six motions. (Doc. 100 (Report and Recommendation), 101 (Adoption Order).) The Court also revoked Plaintiff's $500 bond as a sanction to deter future vexatious conduct by Plaintiff, and the Court imposed additional, more burdensome restrictions on Plaintiff for all future filings in this Court. (Doc. 101.) The Order provided that Plaintiff "may file a motion to modify or rescind the order imposing these restrictions no earlier than two years from the date of its entry." (Id. at p. 3.)

Two years has passed since the entry of that Order and Plaintiff has filed a document entitled "Plaintiff's Motion to Res[c]ind Order and Motion for a Jury Trial Demand." (Doc. 104.) Plaintiff claims that, through the May 27, 2022, Order, the Court "illegally sanction[ed] the Plaintiff for two years[,] grossly violating her civil rights and delaying her justice." (Id. at p. 1.) Thereafter, the Motion recites—verbatim—a long passage from the Advisory Committee Notes on the 1966 Amendment to Rule 9 of the Federal Rules of Civil Procedure. (Id. at pp. 1–2.) The passage, however, concerns only subsection (h) of Rule 9, which speaks to pleading admiralty or maritime claims. (See, e.g., id. ("Certain distinctive features of the admiralty practice must be preserved for what are now suits in admiralty. This raises the question: After unification, when a single form of action is established, how will the counterpart of the present suit in admiralty be identifiable? In part the question is easily answered. . . .") (quoting, without citation, Fed. R. Civ. P. 9, Advisory Committee Notes, 1966 Amendment).) The passage in no way speaks to—much less supports—Plaintiff's claim that the Court's filing restrictions should be lifted. The remainder of the filing consists of a one-sentence demand by Plaintiff for a jury

trial, followed by a verbatim recitation of a portion of the Advisory Committees Notes on the 1937 Adoption of Rule 38 of the Federal Rules of Civil Procedure, which covers the "Right to a Jury Trial; Demand." (Id. at p. 3.) In the "Conclusion" section of her Motion, Plaintiff states simply that she "has an official record per the Freedom of Information Act/Privacy Act pertaining to her from an [sic] former attorney of the United States Equal Employment Opportunity Commission legal department. Which [sic] warrants an extremely overdue relief to the Plaintiff in the case under rule 60 (b), (2), (3), and (6), Fed. R. Civ. P." (Id. at pp. 3–4.)

According to the case files and docketing records maintained by the Clerk of Court, Plaintiff has submitted five documents for filing since the Court imposed the filing restrictions in May of 2022. First, in February of 2023, she filed a "CJA 20 Appointment of and Authority to Pay Court-Appointed Counsel," which is a form used in criminal cases where the Court has appointed an attorney to represent someone in a criminal matter. (Doc. 103 (sealed).) Next, in June of 2023, she submitted a form complaint for "violation of civil rights," which asserts claims premised upon the same set of events (occurring in 2015) that form the basis of at least two of her prior civil actions. (Compare In re Carol Wilkerson, No. 4:22-mc-6, doc. 2 (S.D. Ga. June 23, 2023) (alleging that Plaintiff's rights were violated by various Bulloch County employees and officials when she came onto public school property to object to her niece's removal from the school and was tased, arrested, denied bond, mistreated while in jail, and defamed in the local newspaper) with Wilkerson v. Langston Chapel Middle Sch., et al., No. 6:16-cv-055, doc. 1 (S.D. Ga. May 12, 2016)[1] (suing public school principal, the county sheriff's department and the local newspaper for making and printing false statements about Plaintiff concerning the events that occurred when Plaintiff came onto school property to address her niece's status at the

---

[1] This case was dismissed for failure to state a plausible basis for the Court to exercise jurisdiction over Plaintiff's claims. See Wilkerson v. Langston Chapel Middle Sch., No. 6:16-cv-055, doc. 12.

school) and Wilkerson v. Brown, et al., No. 6:16-cv-66, doc. 1 (S.D. Ga. June 2, 2016) (alleging that public school employees wrongfully released her niece and that Plaintiff was thereafter tased and suffered other physical injuries)[2].) In February of 2024, Plaintiff submitted a letter addressed to the Undersigned, expressing her frustration with the at-issue filing restrictions. (See In re Wilkerson, No. 4:22-mc-6, doc. 3 (S.D. Ga. Feb. 22, 2024).) In the letter, she refers to the May 2022 Order as "your trash talking order"; accuses the Undersigned of being racist, committing fraud, and being in a conspiracy with Bulloch County officials; and claims that she has "the legal authority to activate [her] privileges within the United States Marshal [S]ervice to have [the Undersigned] arrested by the United States Marshal for fraud upon the court." (Id. at pp. 1–2.) More recently, in June of 2024, Plaintiff has filed a Notice of Change of Address, (doc. 105), and the at-issue Motion to Rescind Order and Motion for Jury Trial, (doc. 104).

Having reviewed Plaintiff's filings and having considered Plaintiff's long and vexatious history as a litigant in this Court, the Court declines to rescind the filing restrictions that it imposed in its May 27, 2022, Order, (doc. 101). First, Plaintiff's Motion fails to provide any good cause for rescinding the restrictions, such as any showing (or even argument) that the restrictions have prevented her from pursuing a meritorious claim. Indeed, the one substantive filing that she has submitted since the restrictions were imposed was nothing more than yet another successive attempt to litigate matters that the Court has already disposed of on more than one occasion. Moreover, Plaintiff's disparaging accusations and overall tone throughout her February 2024 letter is strong evidence that, in the absence of restrictions, she will continue to disrespect the Court and its processes as well as the judicial system as a whole. (See, e.g., In re Wilkerson, No. 4:22-mc-6, doc. 3, p. 2 ("The trash telling you and the other judges . . . have said

---

[2] This case was dismissed on a variety of grounds. See Wilkerson v. Brown, No. 6:16-cv-66, docs. 4, 8.

in orders via the mail over the years I want you guys to say that trash to my face in person. . . . You are younger than me and so do you think that I'm going to let you get away with your criminal activities? NO.").)

The Court **DENIES** Plaintiff's Motion to Rescind Order and Motion for Jury Trial,[3] (doc. 104). Accordingly, the restrictions numbered 1 through 4 and 5,[4] which are set forth in the Court's May 27, 2022, Order, (doc. 101, pp. 2–3), remain in place for all pending and future cases filed by Plaintiff Carol Wilkerson in this District. This case **REMAINS CLOSED**.

**SO ORDERED**, this 7th day of June, 2024.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] Plaintiff's request for a jury trial is moot and therefore subject to denial as this case is closed and there are no issues that could be adjudicated by a jury.

[4] While the two-year ban on filing a motion to modify or rescind the Order has expired, the Court cautions Plaintiff that such a motion will *only* be granted upon a showing of good cause, such as a material change in circumstances.